UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ARACELY HERNANDEZ,

        Plaintiff,

   v.

LORI HUSCHER, OCE Supervisor, et al.,

        Defendants.

Case No. 3:20-cv-00328-MK

OPINION AND ORDER

MCSHANE, District Judge:

    Plaintiff, an inmate at Coffee Creek Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983 and alleged violations of her rights to due process and religious freedom. Plaintiff was advised that her Complaint failed to state a claim for relief, and she was allowed the opportunity to amend. Plaintiff filed an Amended Complaint and also moved to add a supplemental claim.

    In her Amended Complaint, plaintiff alleges that sometime between November 14, 2019 and November 26, 2019, Sgt. Dishion disposed of her hijab, prayer rug, and Holy Quran, items which are "essential to the practice of her religion." Am. Compl. at 16 (ECF No. 11). In her

1   - OPINION AND ORDER

proposed supplemental claim, plaintiff alleges that several defendants failed to accommodate her dietary needs during the holy month of Ramadan. Suppl. Compl. (ECF No. 12). I find that these allegations suffice to state claims under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). *See* 42 U.S.C. §§ 2000cc-1, 2000cc-2; *Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008).

The remaining claims in plaintiff's Amended Complaint fail to state cognizable claims for relief, and they are dismissed.

Plaintiff again alleges that defendant Huscher violated her right to religious freedom by removing plaintiff from a prison textile program after plaintiff refused to sing "Happy Birthday" to a fellow inmate. Plaintiff's amended allegations do not plausibly suggest that Huscher's actions burdened the exercise of a sincerely held religious belief. *See Shakur*, 514 F.3d at 884-85; *Jones v. Williams*, 791 F.3d 1023, 1031-32 (9th Cir. 2015). Rather, plaintiff alleges that she did not want to sing "Happy Birthday" to an inmate who was convicted of murder and had "deprived a life" from another. Am. Compl. at 8.

Plaintiff also alleges that various defendants violated her rights to procedural due process during several disciplinary hearings. As plaintiff was advised previously, a prisoner is entitled to procedural due process protections only when a prison-disciplinary action "implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The harshest sanction plaintiff received was thirty-five days in disciplinary segregation, and this is not an atypical or significant hardship. *Id.*

Next, plaintiff alleges that she was subjected to unclothed searches when she was transferred to and from disciplinary segregation. Generally, unclothed searches of inmates in order to detect contraband do not violate the Fourth or Eighth Amendment. *See Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318, 328 (2012) (upholding routine, unclothed searches of detainees entering detention facilities); *Bell v. Wolfish*, 441 U.S. 520, 558-60 (1979) (finding unclothed searches conducted after contact visits to be reasonable under the Fourth Amendment). Only if an unclothed search is "'excessive, vindictive, harassing, or unrelated to any legitimate penological interest'" will it rise to the level of a constitutional deprivation. *Thompson v. Souza*, 111 F.3d 694, 700 (9th Cir. 1997) (quoting *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988)). Plaintiff's allegations describe routine searches to detect potential contraband when she was transferred between different housing units, and these allegations fail to state a claim.

Finally, plaintiff alleges that defendants interfered with her right of access to the courts by denying several administrative grievances. While exhausting the prison grievance process is a prerequisite to filing suit, "prisoners do not have a 'constitutional entitlement to a specific prison grievance procedure.'" *Fairley v. Shelton*, 664 Fed. Appx. 616, 617 (9th Cir. 2016) (citation omitted) (affirming summary judgment against an inmate's claim that an official improperly denied his grievance); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). The administration of plaintiff's grievances may affect defendants' ability to raise exhaustion as an affirmative defense, but it does not give rise to claims brought under § 1983.

## CONCLUSION

Plaintiff's Amended and Supplemental Complaints sufficiently allege violations of her First Amendment and RULIPA rights to religious freedom, and the Motion to Supplement (ECF

3    - OPINION AND ORDER

No. 12) is GRANTED. Chaplain Brault, Lt. Larkin, and Kitchen Coordinator Palomo are added as defendants to this action.

Plaintiff's remaining claims fails to state cognizable claims for relief, and they are DISMISSED. Defendants Huscher, Edwards, Anderson, Kilgore, Hudgkinson, Irving, Miller, Breem, Naggy, Popoff, and Wheeler are DISMISSED from this action.

IT IS SO ORDERED.

DATED this 17th day of February, 2021.

                                              s/ Michael J. McShane
                                              MICHAEL J. MCSHANE
                                              United States District Judge